| | |
|---|---|
| 1 | EUGENE N. HANSEN (*pro hac vice*) |
| | Email: hansene@sec.gov |
| 2 | SAMANTHA M. WILLIAMS (*pro hac vice*) |
| 3 | DOUGLAS M. MILLER (Cal. Bar No. 240398) (local counsel) |
| | 100 F Street NE |
| 4 | Washington, DC 20549 |
| 5 | Tel: (202) 551-6091 |
| | *Attorneys for Plaintiff* |
| 6 | *Securities and Exchange Commission* |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## Western Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 2:23−cv−05379−AH−BFM |
| Plaintiff, | **STIPULATION TO VACATE ALL TRIAL AND PRE-TRIAL DEADLINES AND TO SET A BRIEFING SCHEDULE FOR DETERMINATION OF REMEDIES** |
| v. | |
| AMERICAN PATRIOT BRANDS, INC., *et al.*, | |
| Defendants. | |

Plaintiff Securities and Exchange Commission (the "SEC"), Defendants American Patriot Brands, Inc., Urban Pharms, LLC, DJ&S Property #1, LLC, TSL Distribution, LLC, Robert Y. Lee, Brian L. Pallas and J. Bernard Rice (the "Defendants"), and Relief Defendants Puerto Rico One Corporation, Castro Business Enterprises, LLC and Legion Accounting Services, Inc. (the "Relief Defendants") (collectively, the "Parties"), respectfully submit this Stipulation To Vacate All Trial and Pre-Trial Deadlines and To Set a Briefing Schedule for Determination of Remedies.

1       WHEREAS, on March 9, 2025, the SEC moved for partial summary
2 judgment on its claims against Defendants [Dkt. No. 115];

3       WHEREAS, the Court heard oral argument on the SEC's motion for partial
4 summary judgment on June 11, 2025 [Dkt. No. 121];

5       WHEREAS, on June 16, 2025, the Court issued an order granting the SEC's
6 motion for partial summary judgment, determining that Defendants had violated
7 Section 17(a) of the Securities Act of 1933 [15 U.S.C. §77q(a)] and Section 10(b)
8 of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder [15 U.S.C.
9 § 78j(b); 17 C.F.R. § 240.10b-5] (the "Summary Judgment Order") [Dkt. No. 122];

10       WHEREAS, the Court has not yet determined the appropriate remedies for
11 the violations of the federal securities laws determined by the Court in the
12 Summary Judgment Order, or any unjust enrichment of the Relief Defendants
13 (Count III of the Complaint);

14       WHEREAS, as noted in the Summary Judgment Order, the SEC did not
15 seek summary judgment as to "all of Defendants' fraudulent misstatements,
16 omissions, and deceptive conduct, which [the SEC] reserves its rights with respect
17 thereto" [Dkt. No. 122 at 3];

18       WHEREAS, notwithstanding its reservation of rights, the SEC is willing to
19 proceed to the determination of remedies and entry of final judgment rather than
20 conduct a jury trial regarding the unresolved allegedly fraudulent misstatements,
21 omissions, and deceptive conduct for which the SEC did not seek summary
22 judgment, including because (a) the Summary Judgment Order finds liability for
23 Counts I and II of the Complaint for all named Defendants, (b) the Summary
24 Judgment Order addresses most of the fraudulent misstatements, omissions, and
25 deceptive conduct at issue in this case (including by finding liability with respect to
26 each of the four securities offerings at issue in this case), and (c) the SEC believes
27 that holding a jury trial with respect to the few remaining unresolved
28

misstatements, omissions, and deceptive conduct would not be in the interests of judicial economy considering the determinations of liability made by the Court in the Summary Judgment Order[1];

WHEREAS, the Parties alerted the Court in their Joint Status Report filed August 12, 2025, that they did not believe that a jury trial in this case would be needed considering the Court's ruling in the Summary Judgment Order [Dkt. No. 123];

WHEREAS, the Parties agree that the Court now should determine the appropriate remedies for the violations of the federal securities laws set forth in the Summary Judgment Order, as well as any unjust enrichment of the Relief Defendants (Count III of the Complaint), upon briefing and submission of any supporting evidence by the Parties;

WHEREAS, the Parties respectfully request that the Court enter the below briefing schedule to determine remedies and any unjust enrichment of the Relief Defendants;

WHEREAS, the Parties respectfully request that the SEC's deadline for filing its opening brief be deferred until October 30, 2025, so that the SEC has sufficient time to complete its internal processes for obtaining Commission approval of its proposed remedies as well as to permit the Parties to engage in further settlement discussions prior to having to file briefing with the Court; and

WHEREAS, given that the Court should determine the remedies and any unjust enrichment following briefing submitted by the Parties, the Parties respectfully request that the Court vacate all trial and pretrial deadlines set forth in the Court's Order Granting Stipulation to Set the Trial Date and Other Case

---

[1] For the avoidance of doubt, in the event that this case were to proceed to trial for any reason, the SEC reserves its right to put forward and seek the adjudication of all of Defendants' fraudulent misstatements, omissions, and deceptive conduct, including those misstatements, omissions, and deceptive conduct not raised in its motion for partial summary judgment.

Deadlines of January 7, 2025 [Dkt. No. 106] and remove from the Court's calendar the jury trial scheduled to commence on October 14, 2025, and the Final Pretrial Conference scheduled for September 24, 2025.

**ACCORDINGLY, IT IS HEREBY STIPULATED AND AGREED**, subject to Court approval, that:

1. All trial and pretrial deadlines set forth in the Court's January 7, 2025 Order Granting Stipulation to Set the Trial Date and Other Case Deadlines [Dkt. No. 106] are hereby VACATED and the Final Pretrial Conference scheduled for September 24, 2025 and Jury Trial scheduled to commence October 14, 2025 are hereby CANCELLED and REMOVED from the Court's calendar.

2. The Court will determine the appropriate remedies for the violations of the federal securities laws set forth in the Summary Judgment Order, as well as the liability of the Relief Defendants for any unjust enrichment (Count III of the Complaint), upon consideration of briefing and any supporting evidence submitted by the Parties. The following briefing schedule shall apply:

    a. The SEC shall file a motion seeking remedies and determination of any unjust enrichment, its supporting memorandum of law, and any supporting evidence by **October 30, 2025**;

    b. Defendants and Relief Defendants shall file their memorandum of law in opposition and any supporting evidence by **December 11, 2025**;

    c. The SEC may file a reply memorandum of law by **December 30, 2025**.

3. In seeking or opposing remedies, the Parties may rely upon, and do not need to refile, evidence previously submitted as part of or in opposition to the SEC's motion for partial summary judgment.

Dated:  August 28, 2025

Respectfully submitted,

/s/    Eugene Hansen
Eugene N. Hansen (pro hac vice)
Samantha M. Williams (pro hac vice)
U.S. Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
202-551-4061
williamssam@sec.gov

*Attorneys for Plaintiff*
*Securities and Exchange Commission*


/s/    Russell Duncan
Russell Duncan (pro hac vice)
Clark Hill PLC
1001 Pennsylvania Ave. NW
Suite 1300 South
Washington, DC 20004
Email: rduncan@clarkhill.com
Telephone:  (202) 640-6657

*Attorneys for Defendants and Relief Defendants*

     Pursuant to L.R. 5-4.3.4(a)(2)(i), I attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

/s/ Eugene N. Hansen
Eugene N. Hansen (pro hac vice)