**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**Western Division**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>         Plaintiff,<br><br>   v.<br><br>AMERICAN PATRIOT BRANDS, INC., *et al.*,<br><br>         Defendants. | Case No. 2:23−cv−05379−AH−BFMx<br><br>**FINAL JUDGMENT AS TO DEFENDANTS AMERICAN PATRIOT BRANDS, INC., URBAN PHARMS, LLC, DJ & S PROPERTY #1, LLC, TSL DISTRIBUTION, LLC, ROBERT Y. LEE, BRIAN L. PALLAS, AND RELIEF DEFENDANT CASTRO BUSINESS ENTERPRISES, LLC  [145]** |

Defendants American Patriot Brands, Inc. ("APB"), Urban Pharms, LLC ("Urban Pharms"), DJ & S Property #1, LLC ("DJ&S"), TSL Distribution, LLC ("TSL"), Robert Y. Lee ("Lee"), and Brian L. Pallas ("Pallas") having been found by the Court to have violated Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5] and Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)]; and the Court, having considered and GRANTED in part and DENIED in part Plaintiff Securities and Exchange Commission's ("SEC") Motion for Remedies and Entry of Final Judgment by Order issued July 1, 2026 [Dkt. No. 152], and for good cause showing:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants APB, Urban Pharms, DJ&S, TSL, Lee, and Pallas are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15

U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) the officers, agents, servants, employees, and attorneys of APB, Urban Pharms, DJ&S, TSL, Lee, and/or Pallas; and (b) other persons in active concert or participation with APB, Urban Pharms, DJ&S, TSL, Lee, and/or Pallas or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants APB, Urban Pharms, DJ&S, TSL, Lee, and Pallas are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were

made, not misleading; or

(c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) the officers, agents, servants, employees, and attorneys of APB, Urban Pharms, DJ&S, TSL, Lee, and/or Pallas; and (b) other persons in active concert or participation with APB, Urban Pharms, DJ&S, TSL, Lee, and/or Pallas or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Sections 21(d)(1) and (5) of the Exchange Act [15 U.S.C. § 78u(d)(1) and (5)], and Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)], Lee and Pallas are permanently restrained and enjoined from, directly or indirectly, including, but not limited to, through any entity owned or controlled by each individual, participating in the issuance, purchase, offer, or sale of any security provided, however, that such injunction shall not prevent each individual from purchasing or selling securities for his own personal accounts.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) the officers, agents, servants, employees, and attorneys of Lee and/or Pallas; and (b) other persons in active concert or participation with Lee and/or Pallas or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section

3

20(e) of the Securities Act [15 U.S.C. § 77t(e)], Lee and Pallas are prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that:

(a) APB, Urban Pharms, TSL, and DJ&S are liable jointly and severally for disgorgement of $17,786,703, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $6,202,777. APB, Urban Pharms, TSL, and DJ&S shall satisfy this obligation by paying $23,989,480 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

(b) APB additionally shall pay a civil penalty in the amount of $4,729,004 to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. APB shall make this payment within 30 days after entry of this Final Judgment.

(c) Urban Pharms additionally shall pay a civil penalty in the amount of $4,729,004 to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Urban Pharms shall make this payment within 30 days after entry of this Final Judgment.

(d) TSL additionally shall pay a civil penalty in the amount of $2,364,502 to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. TSL shall make this payment within 30 days after entry of this Final Judgment.

(e) DJ&S additionally shall pay a civil penalty in the amount of $1,182,251 to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. DJ&S shall make this payment within 30 days after entry of this Final Judgment.

(f) Lee is liable for disgorgement of $2,687,061, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,025,670, and a civil penalty in the amount of $2,687,061 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Lee shall satisfy this obligation by paying $6,399,792 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

(g) Pallas shall pay a civil penalty in the amount of $472,902 to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Pallas shall make this payment within 30 days after entry of this Final Judgment.

APB, Urban Pharms, DJ&S, TSL, Lee, and Pallas (hereafter, referred to as "Defendants") may transmit payment electronically to the Securities and Exchange Commission ("Commission" or "Plaintiff"), which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch

6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; the identification of the paying Defendant as a defendant or relief defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to any Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action. Defendants shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered

to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of any Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against any Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## VI.

IT IS FURTHER ORDERED, ADJUGDED, AND DECREED THAT judgment is entered in favor of Relief Defendant Castro Business Enterprises, LLC ("CBE") and against Plaintiff with respect to Plaintiff's claim of unjust enrichment as alleged as to CBE (Count III of the Complaint).

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated:  JULY 10, 2026

_____
HON. ANNE HWANG
UNITED STATES DISTRICT JUDGE

7